# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     *Plaintiff,*

vs.    Case No. 15-CR-10145-EFM

MICHAEL THOMAS,

     *Defendant.*

## MEMORANDUM AND ORDER

In 2016, Defendant Michael Thomas pleaded guilty to one count of distribution of a controlled substance, heroin, and received a prison sentence of 97 months, to be followed by four years of supervised release. Defendant now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 49). He argues that he received ineffective assistance of counsel due to his counsel's failure to object to the allegedly improper consideration of a prior misdemeanor battery conviction in the calculation of his criminal history for purposes of sentencing, and requests that the Court issue an amended judgment sentencing him to a prison term of 70 months. Because the Court properly attributed one point in calculating Defendant's criminal history due to his prior misdemeanor battery conviction, his counsel's failure to object to the consideration of the conviction in calculating Defendant's criminal history does not constitute ineffective assistance of counsel. Defendant's motion is denied.

## I.    Factual and Procedural Background

In 2015, Defendant was charged in a 14-count indictment with distributing controlled substances, conspiring to distribute controlled substances, conspiring to commit money laundering, and promoting, managing, establishing, carrying on, or facilitating unlawful activity in violation of 18 U.S.C. § 1952(a)(3).  On August 11, 2016, Defendant entered into a plea agreement with the Government, and pleaded guilty to one count of distribution of a controlled substance, heroin, in violation of 21 U.S.C. § 841(a)(1).  In accordance with the plea agreement, the Government agreed to seek dismissal of the remaining charges, to recommend a sentence at the low end of the recommended U.S. Sentencing Guidelines ("Guidelines") range, and to not oppose a "safety valve" adjustment, so long as Defendant met the requirements of U.S.S.G. § 5C1.2.

After Defendant pleaded guilty, a U.S. Probation Officer ("USPO") prepared a presentence investigation report ("PSR") and submitted it to the Court on December 5, 2016.  The USPO calculated the total offense level as 29 and Defendant's criminal history as a category II. Defendant received a criminal history category of II due to his receipt of two points for prior offenses—one point for a prior misdemeanor battery conviction and one point for a prior perjury conviction.[1]   Defendant was convicted of battery in California state court, and according to the PSR, Defendant received three years' probation for this offense.  The PSR identified the applicable guideline imprisonment range as 97 months to 121 months.  The Court determined that the PSR was accurate and sentenced Defendant to a prison term at the low end of the guideline imprisonment range, 97 months.

---

[1] Defendant does not contest the propriety of the point added for his perjury conviction.

Proceeding pro se, Defendant filed the current motion under 28 U.S.C. § 2255 on August 18, 2017.  He argues that he received ineffective assistance of counsel because trial counsel allowed the Court to adopt an inaccurate calculation of his criminal history that improperly considered Defendant's prior conviction for misdemeanor battery in California state court.  He alleges the improper consideration of this conviction prejudiced him in two ways: (1) he received an improper increase in his criminal history category, from I to II, and (2) he became ineligible for a two-level "safety-valve" reduction in his base offense level under U.S.S.G. § 5C1.2.  He requests that the Court reduce his prison sentence to 70 months.

## II.    Legal Standards

Under 28 U.S.C. § 2255, a "prisoner in custody . . . claiming the right to be released" may petition the court to vacate, set aside, or correct a sentence on various grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[2]  When alleging constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict."[3]  When alleging non-constitutional error, "the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process."[4]  The

---

[2] 28 U.S.C. § 2255(a).

[3] *United States v. Johnson*, 995 F. Supp. 1259, 1261 (D. Kan. 1998) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[4] *Id*. (citing *Reed v. Farley*, 512 U.S. 339, 353-54 (1994)).

petitioner is entitled to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[5]

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding.' "[6]  This includes when a defendant pleads guilty, during sentencing proceedings, and on the first appeal as of right.[7]  The Supreme Court established a two-prong test to evaluate whether a defendant received ineffective assistance of counsel in *Strickland v. Washington*.[8]  Under this test, the defendant bears the burden of demonstrating that he received ineffective assistance of counsel and "must show [1] that counsel's representation 'fell below an objective standard of reasonableness' and [2] that he was prejudiced as a result."[9]  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."[10]  "To be entitled to a hearing on this claim," the petitioner "must have alleged facts which, if proven, would establish he received ineffective assistance of counsel."[11]

In evaluating whether counsel's representation fell below an objective standard of reasonableness, "substantial deference must be accorded to counsel's judgment."[12]  Counsel retains "wide latitude . . . in making tactical decisions," and the Court "must indulge a strong

---

[5] 28 U.S.C. § 2255(b).

[6] *Lee v. United States*, __ U.S. __, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[7] *See id.*; *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *United States v. Lustyik*, 833 F.3d 1263, 1267 (10th Cir. 2016).

[8] 466 U.S. 668 (1984).

[9] *Lee*, 137 S. Ct. at 1964 (quoting *Strickland*, 466 U.S. at 688).

[10] *Strickland*, 466 U.S. at 700.

[11] *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996).

[12] *Premo v. Moore*, 562 U.S. 115, 126 (2011).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[13]  "[T]he defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy."[14]  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[16]  "This requires that '[t]he likelihood of a different result must be substantial, not just conceivable.' "[17]

### III.    Analysis

Because the motion, files, and records of this case conclusively show that the PSR properly calculated Defendant's criminal history category as a category II, Defendant did not receive ineffective assistance of counsel in relation to the calculation of his criminal history category. Accordingly, Defendant is not entitled to relief, and the Court denies his motion without an evidentiary hearing.[18]

### A.    Defendant did not receive ineffective assistance of counsel.

Defendant argues that "[u]nder U.S.S.G. Section 4A1.2(c)(1), a violation of Cal. Penal Code Section 242 qualifies for one criminal history point only if 'the sentence was a term of

---

[13] *Strickland*, 466 U.S. at 689 (citations omitted).

[14] *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (citations omitted).

[15] *Strickland*, 466 U.S. at 694.

[16] *Cannon v. Trammell*, 796 F.3d 1256, 1271 (10th Cir. 2015) (quoting *Strickland*, 466 U.S. at 694).

[17] *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)) (alteration in original).

[18] The Court has thoroughly and carefully reviewed Defendant's motion and construed his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

probation of more than one year or a term of imprisonment of at least thirty days.' " Citing *United States v. Caldwell*,[19] he argues that because he paid a fine instead of serving any portion of his custodial sentence, he should not have been assessed a criminal history point for his prior battery conviction. Defendant alleges that his counsel's failure to object to the additional point resulting from Defendant's prior battery conviction constitutes ineffective assistance of counsel, and that this error resulted in a higher criminal history category and his disqualification for a "safety valve" reduction. Defendant misconstrues the applicable Guidelines and *Caldwell*, and cannot meet either prong of *Strickland*.

> 1.    *Defendant properly received a criminal history point for his prior misdemeanor battery conviction.*

Section 4A.1.1 of the U.S.S.G. governs the calculation of "points" for purposes of determining Defendant's proper criminal history category. It instructs the Court to:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence . . . .

(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.[20]

---

[19] 585 F.3d 1347 (10th Cir. 2009).

[20] U.S.S.G. § 4A1.1.

Sections 4A1.1 and 4A1.2 of the Guidelines must be read together as "[t]he definitions and instructions in § 4A1.2 govern the computation of the criminal history points."[21]   Section 4A1.2(a)(1) defines the term "prior sentence" to mean "*any* sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."[22]   The definition of "prior sentence" is not limited to sentences including *prison* terms.[23]   Indeed, "[a] conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."[24]

Whether the Court assigns points for a given sentence depends, in part, on the underlying offense.[25]   Section 4A1.2(c) identifies which sentences the Court should count and those which it should exclude in its calculation.   While "[s]entences for all felony offenses are counted" regardless of the type of underlying offense, the same is not true for misdemeanor offenses.[26]   For misdemeanors and petty offenses, the Court assigns points unless the underlying offense falls under one of two exceptions identified in § 4A1.2(c).   Accordingly, if Defendant's misdemeanor does not fit within one of the two exceptions, it should be considered when calculating points in determining Defendant's criminal history.

The first exception limits when certain types of offenses may earn the defendant points, while the second exception wholly precludes the assignment of points for certain offenses.   As

---

[21] Commentary to U.S.S.G. § 4A1.1.

[22] U.S.S.G. 4A1.2(a)(1) (emphasis added).

[23] *Id.*   Further, if a sentence must include a term of imprisonment in order for it to receive a point, U.S.S.G. 4A1.1 would not need to differentiate between a "prior sentence of imprisonment" and a "prior sentence."

[24] U.S.S.G. § 4A1.2(a)(3).

[25] The Guidelines impose additional limitations not at issue here.   *See, e.g.*, U.S.S.G. § 4A1.2(d)-(j).   Indeed, Defendant did not receive points for several prior convictions due to various other limitations on when a defendant may be assigned points for prior convictions in calculating the defendant's criminal history category.

[26] *See* U.S.S.G. § 4A1.2(c).

demonstrated below, neither exception applies to Defendant's misdemeanor battery conviction. First, under § 4A1.2(c)(1), to count a sentence for certain enumerated offenses—or offenses similar to the enumerated offenses—either (a) the sentence must have been "a term of probation of more than one year or a term of imprisonment of at least thirty days, or (b) the prior offense was similar to an instant offense." The offenses listed under the first exception include: careless or reckless driving, contempt of court, disorderly conduct or disturbing the peace, driving without a license or with a revoked or suspended license, false information to a police office, gambling, hindering or failure to obey a police officer, insufficient funds check, leaving the scene of an accident, non-support, prostitution, resisting arrest, and trespassing.[27] Second, § 4A1.2(c)(2) identifies certain offenses that may never be counted in the criminal history calculation, regardless of the sentence imposed. This list includes: fish and game violations, hitchhiking, juvenile status offenses and truancy, local ordinance violations (except those violations that are also violations under state criminal law), loitering, minor traffic infractions (e.g., speeding), public intoxication, and vagrancy.[28]

The offenses listed in § 4A1.2(c)(1) and (2) do not include battery or an offense similar to battery. Accordingly, because neither exception identified in § 4A1.2(c) applies here, Defendant properly received a point for his misdemeanor battery conviction. Further, to the extent Defendant argues that he must have spent time in prison to receive a point for his misdemeanor battery, this argument also fails. Nothing in §§ 4A1.1 or 4A1.2 requires Defendant to have received a sentence of imprisonment or to have served any time in prison before Defendant may receive a point under § 4A1.1(c). Rather, as noted above, the Guidelines specifically contemplate the assignment of

---

[27] U.S.S.G. § 4A1.2(c)(1).

[28] U.S.S.G. § 4A1.2(c)(2). The Guidelines also prohibit counting sentences for "offenses similar" to these offenses.

points for prior convictions where the sentence did not include a term of imprisonment or for which the imposition of sentence was suspended.

        2.     United States v. Caldwell *does not support Defendant's position.*

In *Caldwell*, the Tenth Circuit addressed the addition of one point to the defendant's criminal history computation pursuant to § 4A1.2(c)(1), but under materially different circumstances.[29] There, the defendant admitted "that he was convicted of driving while a habitual offender in Kansas state court in 2002 after being caught driving with a suspended license three times in five years."[30] The Kansas court had previously sentenced the defendant to twelve months' probation and 30 days' imprisonment for the offense, but allowed the defendant to pay a fine in lieu of serving the 30-day sentence.[31] The Court noted that the prior conviction only qualified for a criminal history point under § 4A1.2(c)(1) "if 'the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days,' [and] [t]o constitute a 'term of imprisonment of at least thirty days,' the defendant must actually serve some portion of that sentence."[32] Thus, because Caldwell did not receive a term of probation of more than one year, he could only have qualified for a point under § 4A1.2(c)(1) if he actually served some portion of

---

[29] *Caldwell*, 585 F.3d at 1355. The Tenth Circuit also found that the district court improperly computed the defendant's criminal history category because the court incorrectly added two points for defendant's commission of an offense while under a "criminal justice sentence." *Id.* at 1354-55. Here, Defendant did not receive a point increase for the commission of an offense while under a "criminal justice sentence," and thus, the Court will not address Tenth Circuit's analysis of that issue.

[30] *Id.* at 1353-54.

[31] *Id.* at 1354.

[32] *Id.* (quoting U.S.S.G. § 4A1.2, cmt. n.2).

the 30-day prison sentence.[33]  Ultimately, Caldwell failed to pay the entire fine and served five days in jail, and thus, properly received a criminal history point for the offense.[34]

*Caldwell* does not carry the force suggested by Defendant.  The defendant's prior conviction in *Caldwell* resulted from the defendant driving with a suspended license on numerous occasions over a short period of time.[35]  "Driving without a license or with a revoked or suspended license" is one of the specifically enumerated offenses in § 4A1.2(c)(1).  Accordingly, to receive a point for this offense, the defendant must have received a sentence including either a term of probation of more than one year—which he did not receive—or a term of imprisonment of at least thirty days—which he received and served "some portion" of the sentence.

Here, unlike *Caldwell*, Defendant's prior conviction is not one of the offenses listed in § 4A1.2(c)(1); nor is it similar to one of the listed offenses.  Thus, his sentence did not need to satisfy the additional requirements imposed by § 4A1.2(c)(1) before the Court may assign points for the sentence in calculating Defendant's criminal history category.  And, even if Defendant's prior conviction did appear in the list of offenses, *Caldwell* is further distinguishable as Defendant received a term of probation of more than three years, and thus, would satisfy the requirements of § 4A1.2(c)(1) regardless.

Ultimately, Defendant faults counsel for failing to object to the proper application of the Guidelines in calculating Defendant's criminal history category.  Counsel's failure to object to the proper application of the law, however, did not constitute representation below an objective standard of reasonableness and did not result in prejudice to Defendant.

---

[33] *Id.*

[34] *Id.*

[35] *Id.* at 1353-54.

**B.     Defendant is not granted a certificate of appealability.**

Appeal from a final decision on a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is not permitted unless a circuit or district judge issues a certificate of appealability in accordance with 28 U.S.C. § 2253(c).[36]  The Court declines to grant Defendant a certificate of appealability in this case because he did not make a substantial showing that he was denied a constitutional right.[37]  Defendant's arguments did not "raise issues that are debatable among jurists, or that a court could resolve differently, or that deserve further proceedings."[38]  Accordingly, further review of Defendant's motion is unnecessary.

**IT IS THEREFORE ORDERED** that Defendant Michael Thomas' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 49) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th day of April, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[36] Fed. R. App. P. 22(b)(1).

[37] *See* 28 U.S.C. § 2253(c)(2).

[38] *United States v. Brown*, 993 F. Supp. 1338, 1343 (D. Kan. 1997).

11